IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GUERIN FELIX-GREEN,<br><br>    Plaintiff<br><br>    v.<br><br>HAVER FILLING SYSTEMS, INC., et al.,<br><br>    Defendants | CIVIL NO. 10-1526 (JP) |

## OPINION AND ORDER

Before the Court is Defendant Haver Filling Systems, Inc.'s ("HFS") motion to quash service of process and requesting dismissal of the complaint against it (**No. 13**). Also before the Court is Plaintiff's oppositions (Nos. 20 and 23), and Defendant's reply (No. 24). Plaintiff filed the instant complaint for damages against Defendants HFS, Ibau Hamburg, and Haver & Boecker alleging that he lost his right hand when it was cut by a machine manufactured and sold by Defendants.

In the instant motion, Defendant HFS argues that Plaintiff failed to properly effect service, and therefore Plaintiff's complaint should be dismissed. For the reasons stated herein, Defendant's motion to quash service and requesting dismissal is hereby **GRANTED IN PART AND DENIED IN PART**.

CIVIL NO. 10-1526 (JP)        -2-

## I. **SERVICE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE**

As a threshold matter, Federal Rule of Civil Procedure ("FRCP") 12(b)(5) provides courts with an alternative to dismissing a complaint when a claim of insufficient service of process is raised. That is, a court has broad discretion to convert the motion to dismiss into a motion to quash service of process. Ramírez de Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 85 (D.P.R. 2006). In Ramírez de Arellano, this Court held that it is inappropriate to dismiss a claim under FRCP 12(b)(5) for insufficiency of service of process when there is a reasonably conceivable means through which service may be obtained and jurisdiction acquired over the defendant. Id. If the defects in service are curable, the court should instead treat the motion to dismiss as a motion to quash service of process and retain the case pending effective service. Id. (internal citations omitted).

According to FRCP 4(a)(1)(B), a summons must be directed to the defendant. Further, FRCP 4(c) provides that a summons must be served with a copy of the complaint. Fed. R. Civ. P. 4.

In its motion, Defendant HFS argues that on October 13, 2010, Plaintiff served HFS with a copy of the amended complaint, which was filed on September 20, 2010 (No. 5)[1] and with summons addressed to Defendant IBAU Hamburg. Furthermore, Defendant HFS argues that the

---

1. The Court notes that leave to withdraw Plaintiff's Amended Complaint was granted by the Court on November 4, 2010 (No. 16).

CIVIL NO. 10-1526 (JP)            -3-

Court should dismiss Plaintiff's complaint against it because even if service is held to be proper, service on October 13, 2010, was untimely because Plaintiff was required to serve HFS by October 12, 2010. In support of its motion, Defendant presents an affidavit from an employee of HFS, Jess Parker, certifying that the only documents received by HFS are the amended complaint and two summons directed to Defendant IBAU Hamburg (No. 13-1). Defendant also presents a copy of the amended complaint and two summons addressed to Defendant IBAU Hamburg (Nos. 13-2 and 13-3). In its reply, Defendant includes the affidavit of Joyce Kuhns certifying that none of the summons received by her were addressed to HFS, and that HFS has still not been served with the summons and complaint.

    In his opposition, Plaintiff argues that Defendant HFS was properly served by process server Phoenix Legal, Inc. ("Phoenix Legal"). Plaintiff includes a statement under penalty of perjury (No. 23-2) from the President of Phoenix Legal, Frank James, averring that he received three different summons and that one was addressed to Haver Filling Systems, Inc. and that he personally served all three on HFS by delivering the originals to Joyce Kuhns, who represented to be an authorized agent for HFS. Frank James states that summons was served on HFS through Joyce Kuhns on October 13, 2010 at 4:39 p.m.

    Plaintiff also argues that because Defendant HFS admits to receiving a summons this should be considered enough notice under any

CIVIL NO. 10-1526 (JP)          -4-

standard, whether or not the summons was addressed to HFS or not. Plaintiff, in the alternative, requests leave to conduct discovery and an evidentiary hearing as to the service. As to timeliness, Plaintiff states that the original summons were issued on June 14, 2010 and that a cover sheet by the Clerk's office stated that the summons must be served by October 15, 2010. Thus, the summons at issue here was timely served because it was served on October 13, 2010. Plaintiff argues that he would be prejudiced by a dismissal of this case as he has spent thousands of dollars serving Defendants.

First, upon review of the affidavit by process server Frank James presented by Plaintiff (No. 23-1), the Court finds that this affidavit does not clearly indicate that it served Joyce Kuhns, the authorized agent for HFS, with a summons specifically addressed to Defendant Haver Filling Systems, Inc. (No. 23-1), which is the issue before the Court. The affidavit generally states that a summons was delivered to Joyce Kuhns. Frank James' statement under penalty of perjury (No. 23-2) does state that he personally served the three summons he received on HFS. One of which was issued to HFS.

Plaintiff's argument that even if Defendant HFS did not receive a summons specifically addressed to HFS that the Court should consider that HFS has notice because it received the summons addressed to its co-defendant is unavailing. Notice of a suit against a co-defendant does not afford Defendant HFS with proper notice in accordance with the FRCP.

CIVIL NO. 10-1526 (JP)          -5-

Even taking as true, Plaintiff's arguments that the process server served the summons directed to HFS on Jocye Kuhns, Plaintiff, has failed to even address that the withdrawn amended complaint was the document which was served on Defendant HFS.  Rule 4(c) specifically states that summons must be accompanied by a copy of the complaint.  Service of an amended complaint that has been withdrawn by Plaintiff clearly does not comply with this rule.

Accordingly, the Court **GRANTS** Defendant's motion to quash service and **DENIES** Defendant's motion to dismiss.  Plaintiff **SHALL** file proof of proper service of summons and complaint upon Defendant HFS **on or before May 16, 2011.**

## II. CONCLUSION

In conclusion, Defendant's motion to quash service and requesting dismissal is hereby **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to dismiss the complaint is **DENIED**.  The Court finds that service was not properly effected upon Defendant HFS. **On or before May 16, 2011,** Plaintiff **SHALL** file proof of proper service upon Defendant HFS.  The Clerk of Court is ordered to reissue summons as to Defendant Haver Filling Systems, Inc.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of April, 2011.

                                              s/José Antonio Fusté
                                                JOSÉ ANTONIO FUSTÉ
                                     UNITED STATES DISTRICT JUDGE